**DEPENDABLE INSURANCE COMPANY, INC., a Florida corporation, and Dependable Warranty Company, Inc., a Florida corporation, Judgment Creditors–Appellees,**

v.

**AUTOMOBILE WARRANTY CORPORATION, a Colorado corporation, Judgment Debtor–Appellant.**

No. 89CA1585.

Colorado Court of Appeals, Division V.

Aug. 30, 1990.

Gorsuch, Kirgis, Campbell, Walker and Grover, John J. Mullins, Jane D. Smith, Denver, for judgment creditors-appellees.

Fotios M. Burtzos, Peter B. Lyon, Wheatridge, for judgment debtor-appellant.

Opinion by Judge VAN CISE *.

Automobile Warranty Corp. (AWC), judgment debtor, appeals from the trial court's order denying its motion to stay enforcement of a foreign judgment against it and in favor of Dependable Insurance Co. and Dependable Warranty Co., Inc. (Dependable), judgment creditors. We affirm.

Dependable obtained a money judgment against AWC and others in a Florida state court on June 1, 1989. On June 9, AWC filed a timely notice of appeal in a Florida state appeals court, but did not ask for a stay of execution or provide a supersedeas bond. On June 14, a writ of execution issued in Florida for collection of the judgment. On June 29, Dependable registered its judgment in the Jefferson County District Court. On July 7, AWC filed a motion to stay enforcement of the judgment in Colorado. This appeal is from the trial court's August 11 order denying that motion.

### I.

■ AWC first contends that the pertinent Colorado statute does not require the posting of a supersedeas bond to stay enforcement of a foreign judgment. We disagree.

The statute in question, § 13–53–105(1), C.R.S. (1987 Repl.Vol. 6A), provides:

> "If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered."

AWC argues that, because there is no comma between the words "vacated" and "upon proof," the only condition for which "security for the satisfaction of the judgment" is required is when a stay of execution expires or is vacated. It cites the fact that a comma exists in the same text of the Revised Uniform Enforcement of Foreign Judgment Act and argues that, therefore, our general assembly intended that there be no requirement for a supersedeas bond in order to stay enforcement of a judgment while an appeal is pending. We reject this argument.

■ When possible, a statute should be construed to accomplish the purposes

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

for which it was enacted. *City of Little-ton v. Board of County Commissioners,* 787 P.2d 158 (Colo.1990). As AWC concedes, an important purpose of a supersedeas bond is to protect the non-appealing party's rights during an appeal. *See Maxwell v. District Court,* 641 P.2d 931 (Colo. 1982). This purpose would be negated by accepting AWC's position. We therefore hold that proof of requisite security is necessary to stay enforcement under any of the eventualities listed in the statute.

## II.

■ AWC next argues that, because § 13–53–105(1) permits a stay of execution of a foreign judgment if the judgment debtor furnishes security for the satisfaction of the judgment "required by the state in which it was rendered," no bond is required to stay execution here. We again disagree.

While AWC's interpretation of § 13–53–105(1) is correct, our reading of Florida law regarding the security required to obtain a stay during an appeal convinces us that a bond is required in that jurisdiction.

In relevant part, Fla.R.App.Proc. 9.310 provides:

"(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.

"(b) Exceptions. (1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof."

■ Florida case law makes it clear that if, as here, a money judgment only is obtained, a stay is automatic if the provisions of 9.310(b)(1) are followed. *Palm*

*Beach Heights Development & Sales Corp. v. Decillis,* 385 So.2d 1170 (Fla.Dist. Ct.App.1980). We note that a party may pursue an appeal of a money judgment without posting a bond, but the prevailing party in that instance has the concomitant right to seek execution upon the judgment. *Palm Beach Heights, supra.*

That is precisely the situation here. The record shows that Dependable's judgment is one solely for money. AWC filed its notice of appeal in Florida on June 9, 1989, and Dependable obtained a writ of execution in that state on June 14. Dependable then duly filed notice of the judgment in Colorado.

AWC was therefore within its rights in Florida to pursue an appeal without a bond, but under the law of that state the judgment was not stayed, and § 13–53–105(1) does not mandate that the judgment be stayed here. AWC's argument thus fails.

## III.

■ Finally, AWC contends that, pursuant to § 13–53–105(2), C.R.S. (1987 Repl. Vol. 6A), it should have been granted a stay of execution without posting a bond. We reject this argument also.

That statute provides:

"If the judgment debtor shows the court any ground upon which enforcement of a judgment of a court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period upon requiring the same security for satisfaction of the judgment which is required in this state."

AWC further argues that C.R.C.P. 62(d) can be read to permit the granting of a stay without posting a bond. The relevant portion of C.R.C.P. 62(d) states: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay from the trial court subject to the exceptions contained in section (a) of this Rule." AWC concedes that there is no precedent in

Colorado indicating that a bond is not required, but it cites some federal cases construing Fed.R.Civ.P. 62(d) (which is identical to Colorado's rule) to that effect.

However, even if it is within the trial court's discretion to issue a stay order without requiring security, there was no abuse of discretion here and, hence, no reversible error in the court's denial of the stay.

The order is affirmed.

CRISWELL and PLANK, JJ., concur.