Lyon Financial Services, Inc. ("Lyon"), petitions for a writ of mandamus directing the Jefferson Circuit Court (Bessemer Division) to vacate its order staying execution of a domesticated judgment entered by a Minnesota district court. We grant the petition and issue the writ.
 I.
Lyon is a Minnesota corporation engaged in the business of providing financing for the purchase or lease of business equipment. Lyon entered into a financing agreement with Buddy's Marineland, Inc. ("Buddy's"), an Alabama corporation, whereby Lyon provided financing to Buddy's for it to purchase computer equipment from Integrated Dealer Systems, Inc. ("IDS"). Apparently, Buddy's experienced problems with the computer equipment it purchased from IDS and stopped making payments to Lyon. Lyon then sued Buddy's in the District Court for Lyon County, Minnesota. As part of that action, Buddy's filed a third-party complaint against IDS. Ultimately, the Minnesota district court entered a summary judgment in favor of Lyon, awarding it damages in the amount of $113,992.49, including interest, attorney fees, and court costs, and dismissed the third-party complaint against IDS.
Within a month of obtaining the judgment against Buddy's, Lyon filed an action in the Jefferson Circuit Court (Bessemer Division) to domesticate the Minnesota judgment, pursuant to Alabama's Uniform Enforcement of Foreign Judgments Act, Ala. Code 1975, § 6-9-230 to -237. In accordance with the Act, Lyon filed an authenticated copy of the Minnesota judgment and an affidavit by its attorney. See Ala. Code 1975, §§ 6-9-232 and -233. Buddy's filed no objection to the domestication of the Minnesota judgment. After Lyon had filed the Minnesota judgment, it propounded postjudgment discovery requests to Buddy's and noticed the deposition of Buddy's corporate representative. See Rule 69(g), Ala.R.Civ.P. Lyon subsequently filed a motion to compel Buddy's to respond to its discovery requests. The trial court granted Lyon's motion to compel. After Buddy's failed to comply with the trial court's order, Lyon filed a motion for sanctions against Buddy's, pursuant to Rule 37(b), Ala.R.Civ.P. Buddy's thereafter filed a motion for relief from the Minnesota judgment.
Although Buddy's filed its motion pursuant to Rule 60(b), Ala.R.Civ.P., it did not challenge the validity or the domestication of the Minnesota judgment. Rather, Buddy's asserted that it intended to file an action against IDS seeking damages "in an amount no less than that which has been [awarded] against it by the Minnesota Court," and it requested a stay of enforcement of the Minnesota judgment until "such time as a verdict is rendered in the case between [Buddy's] and IDS." Buddy's argued that "[i]n fairness and equity" it should have "its `day in court' in order to litigate its dispute with IDS to recover no less than the [amount of the judgment] entered by the Minnesota Court" and that "[i]t would be unjust to require [it] to pay the Minnesota judgment until such time as the issues between it and IDS can be properly litigated."
The trial court entered an order stating that the "motion [by Buddy's] for relief from judgment is treated as a stay of that judgment until such time as this Court can set this matter down for hearing." On December 7, 1999, the trial court held a hearing on the motion, and on that same day, it entered an order staying execution of the Minnesota judgment "pending [the] litigation being completed between IDS and [Buddy's]." Lyon then filed this mandamus petition.
 II.
A writ of mandamus is an extraordinary remedy; one seeking it must *Page 183 
show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. See Ex parte Conference America, Inc., 713 So.2d 953, 955
(Ala. 1998) (citing Ex parte Edgar, 543 So.2d 682, 684 (Ala. 1989)). "[M]andamus is the proper remedy to vacate an order the trial court had no power to enter." Ex parte Dowling,477 So.2d 400, 402 (Ala. 1985).
Initially, we address the nature of the trial court's order because the nature of that order determines our standard of review. Buddy's argues that the trial court's ruling on its motion for relief from the Minnesota judgment was a ruling on a Rule 60(b)(6), Ala.R.Civ.P., motion, and, thus, that we must apply an abuse-of-discretion standard.
Rule 60(b) provides, in pertinent part:
 "(b) . . . On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."
In Ex parte Dowling, we stated:
 "A strong presumption of correctness attaches to the trial court's determination of a motion made pursuant to Rule 60(b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion. In reviewing a ruling of a trial court on a Rule 60(b)(6) motion, the trial court's decision will not be disturbed unless it is determined `that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.'"
477 So.2d at 402-03 (citations omitted).
Buddy's did label its motion as a Rule 60(b) motion, and we have recognized that filing a Rule 60(b) motion is the proper procedure for challenging the validity of a foreign judgment that has been domesticated in Alabama. See Greene v. Connelly,628 So.2d 346, 350-51 (Ala. 1993). However, Buddy's makes no substantive attack on the Minnesota judgment. See Ex parte Osborn,375 So.2d 467, 468 (Ala. 1979). On the contrary, Buddy's concedes to this Court that the Minnesota judgment obtained by Lyon should eventually be enforced by Alabama courts, under the full-faith-and-credit principle. Instead, Buddy's argues that execution on the Minnesota judgment should be stayed until the action by Buddy's against IDS is concluded. A motion seeking an order staying enforcement of a judgment must be brought pursuant to Rule 62, Ala.R.Civ.P. See Osborn, 375 So.2d at 468 ("Although a stay of proceedings prior to judgment so as to await the decision of another court is within the inherent power of the court to control its docket, once a final judgment has been rendered, a trial court must proceed under [Ala.R.Civ.P. 62 — `Stay of Proceedings to Enforce a Judgment']."). The trial court properly refused to treat the motion as a Rule 60(b) motion. We also refuse to treat that motion as a Rule 60(b)(6) motion, because Buddy's does not by that motion seek relief from the operation of the Minnesota judgment, but rather seeks a stay of that judgment.
Under Ala. Code 1975, § 6-9-232, a properly authenticated and filed foreign judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for . . . staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner." Under § 6-9-234(b), "[i]f the judgment debtor shows the circuit court any ground upon which enforcement of a judgment of any circuit court of this state would be stayed, the court shall stay enforcement of the foreign judgment for any appropriate period, upon requiring the same security forsatisfaction of the judgment which is required in this state." The ground offered *Page 184 
by Buddy's for staying enforcement of the domesticated Minnesota judgment — the pendency of its unliquidated and unproven claim against IDS — is not a valid ground for staying execution of a judgment. See Osborn, 375 So.2d at 468 (holding that the trial court had no authority to stay execution of a judgment pending the outcome of a related action, based either on the trial court's inherent equitable powers or on the Alabama Rules of Civil Procedure). Moreover, the trial court stayed enforcement of the Minnesota judgment without requiring Buddy's to give security for payment of the money damages, as is required by § 6-9-234. What this Court stated in Osborn is equally applicable to the facts of this case (adapting the Osborn statement to the facts of this present case):
 "We are similarly unpersuaded that mandamus is an inappropriate remedy for the wrong suffered by petitioners. Mandamus is an extraordinary legal remedy grantable when petitioner shows a clear, specific legal right and no other adequate remedy. Here, [Lyon] h[as] obtained a final judgment against [Buddy's] in the amount of [$113,992.49], but [is] unable to enforce it because the trial court has granted a stay of execution on the judgment, which [Buddy's] concedes is valid . . . . [Buddy's] will meanwhile have the unrestricted use of [$113,992.49], having waived its right of appeal and without having posted any security to protect the rights of the judgment holder. In such a situation, mandamus has often been held appropriate."
375 So.2d at 469. Therefore, we hold that the trial court was without authority to stay execution of the domesticated Minnesota judgment.
 III.
Lyon has shown a clear legal right to an order directing the trial court to vacate its order staying execution. Accordingly, we grant the petition and issue the writ.
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, Johnstone, and England, JJ., concur.