892 A.2d 661

NEW JERSEY LAWYERS' FUND FOR CLIENT PROTECTION, PLAINTIFF–APPELLANT, v. JEAN A. PACE, DEFENDANT, AND SUMMIT BANK, DEFENDANT–RESPONDENT.

NEW JERSEY LAWYERS' FUND FOR CLIENT PROTECTION, PLAINTIFF–APPELLANT, v. JEAN A. PACE, CRAWFORD & COMPANY AND SUN TRUST BANK, DEFENDANTS, AND FLEET NATIONAL BANK, SUCCESSOR IN INTEREST TO SUMMIT BANK, DEFENDANT–RESPONDENT.

Argued September 28, 2005—Decided March 7, 2006.

*William James Thomas*, Senior Counsel, New Jersey Lawyers' Fund For Client Protection, argued the cause for appellant.

*David B. Grantz* argued the cause for respondent (*Meyner & Landis*, attorneys).

PER CURIAM.

We agree with the Appellate Division that, generally, the statute of limitations on a claim for conversion of negotiable instruments begins to run from the date the instrument was

negotiated. We add the following to clarify the application of that general rule.

In this case, an attorney misappropriated her clients' funds "by forging their endorsements on settlement checks" and Summit Bank (Summit)[1] "accept[ed] the forged ... checks for deposit." *New Jersey Lawyers' Fund for Client Prot. v. Pace*, 374 *N.J.Super.* 57, 59, 863 *A.*2d 402 (App.Div.2005). The New Jersey Lawyers' Fund for Client Protection (Fund), which reimbursed the attorney's clients for their losses and obtained assignments of rights from them, now seeks reimbursement in turn from Summit for conversion of negotiable instruments. Although the Fund's action was filed out-of-time under the Uniform Commercial Code's (UCC) three-year statute of limitations for such claims, *N.J.S.A.* 12A:3–118(g), the Fund argues that its claim did not accrue until "discovery" of the conversion.

The Appellate Division determined that a "cause of action against a bank in a conversion action with respect to negotiable instruments accrues at the time of conversion, and that the time of discovery rule does not apply under the UCC." *Pace, supra,* 374 *N.J.Super.* at 67, 863 *A.*2d 402. The court's approach is consistent with the premise that application of "the discovery rule to negotiable instruments [would be] inimical to UCC policies of finality and negotiability." *Menichini v. Grant,* 995 *F.*2d 1224, 1230 (3d Cir.1993).

We accept that general statement of the law, which is followed by a majority of the jurisdictions that have considered the question.[2] We note, however, that many of the cases rejecting application of the discovery rule to claims for conversion of negotiable instruments were decided in circumstances in which others were

---

[1] Fleet National Bank, successor in interest to Summit, now operates as Bank of America. For purposes of this opinion we refer only to Summit. *New Jersey Lawyers' Fund for Client Prot. v. Pace,* 374 *N.J.Super.* 57, 59, n. 1, 863 *A.*2d 402 (App.Div.2005).

[2] For a list of cases see *Pace, supra,* 374 *N.J.Super.* at 65, n. 7, 863 *A.*2d 402.

in a position to monitor the individuals who forged the instruments. *See, e.g., Menichini, supra,* 995 *F.*2d at 1230 (noting employer had comparative advantage in preventing conversion of his property by employees); *Husker News Co. v. Mahaska State Bank,* 460 *N.W.*2d 476, 479 (Iowa 1990) (noting responsibility for careful bookkeeping should be placed on employers who are in best position to monitor accounts and employees). We observe that in this matter neither the attorney's clients nor the Fund were in such a position.

The Fund was originally established as a Committee of the New Jersey State Bar Association that since 1969 has been regulated by this Court. *http://www.judiciary.state.nj.us/rules/r1-28.htm* (last visited Feb. 23, 2006). Its purpose is "to administer and operate, in accordance with [its] rules, ... the reimbursement, to the extent and in the manner provided by [its] rules, of losses caused by the dishonest conduct of members of the bar of this State." *R.* 1:28–1(a). All lawyers support the Fund, *Rule* 1:28–2, and all lawyers derive a benefit from the work of the Fund. It is the reputation of the bar that is sullied when lawyers violate the law, and it is the reputation of the bar that is sustained when the Fund's trustees determine that an eligible claim should be covered by the Fund. *See R.* 1:28–3.

As between the Fund and Summit, therefore, equitable considerations counsel that we adhere to the general rule. In the circumstances, the discovery rule should not be invoked to allow this action against Summit.

The judgment of the Appellate Division is affirmed.

Justice WALLACE did not participate in this case.

*For affirmance*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, and RIVERA–SOTO—6.

*Opposed*—None.