**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4048-17T2

DR. DOMINICK A. LEMBO and
BELMONT DENTAL ASSOCIATES,

    Plaintiffs-Appellants,

v.

ARLENE MARCHESE, KAREN
WRIGHT, KREINCES, ROLLINS &
SHANKER, LLC and MARIA T.
ROLLINS, CPA,

    Defendants,

and

TD Bank, NA,

    Defendant-Respondent.

_____

Submitted March 27, 2019 – Decided April 16, 2019

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0453-15.

De Marco & De Marco, attorneys for appellants (Michael P. De Marco, on the briefs).

Sherman Wells Sylvester & Stamelman, LLP, attorneys for respondent (Anthony J. Sylvester and Caitlin T. Shadek, on the brief).

PER CURIAM

Plaintiffs Dr. Dominick A. Lembo and Belmont Dental Associates appeal from a Law Division order dismissing with prejudice the single cause of action asserted in their complaint against defendant TD Bank, N.A. (TD Bank), for failure to state a claim. R. 4:6-2(e). We affirm in part, vacate in part and remand for further proceedings.

We accept the facts alleged in the complaint as "true and give [plaintiffs] the benefit of all inferences that may be drawn in [their] favor" because they appeal from an order granting TD Bank's motion to dismiss for failure to state a claim. Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988); accord Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165-66 (2005). Dr. Lembo is a dentist and owner of Belmont Dental Associates, a dental practice. Plaintiffs employed Karen Wright as a dental hygienist and Arlene Marchese as an office manager. Plaintiffs also retained a certified public accountant and her accounting firm to provide accounting services for the dental practice.

2

According to the complaint, during a period prior to December 21, 2011, Wright and Marchese took checks issued to plaintiffs that totaled several hundred thousand dollars, forged Dr. Lembo's endorsement on the checks and deposited the checks in their personal accounts at TD Bank. The complaint alleged causes of action against Wright and Marchese for fraud (first count), unjust enrichment (second count), conversion (third count), and breach of their duty of honesty and fair dealing (fourth count). The complaint further asserted a cause of action against the certified public accountant and her accounting firm for negligently failing to detect the fraud and conversion of plaintiffs' property (fifth count).

The complaint asserted a single cause of action against TD Bank. Plaintiffs alleged TD Bank knew or should have known that Wright and Marchese were not permitted to negotiate checks made payable to plaintiffs and "aided and abetted Marchese and Wright in their fraudulent scheme and conduct." TD Bank moved to dismiss the complaint, arguing it failed to state a claim upon which relief could be granted. See R. 4:6-2(e).

The court granted the motion, finding the complaint asserted a common law negligence claim against TD Bank that could not be sustained as a matter of law because the "Uniform Commercial Code" bars "claims of non-customers

3

against banks" absent a showing of a "special relationship."  The court found plaintiffs failed to allege a special relationship between themselves and TD Bank or allege any facts demonstrating such a relationship.  The court also rejected plaintiffs' argument that the complaint alleged a violation of the Uniform Fiduciaries Law (UFL), N.J.S.A. 3B:14-52 to -61, because neither Wright nor Marchese qualified as fiduciaries under the statute.  The court entered an order dismissing the complaint as to TD Bank with prejudice.[1]  This appeal followed.

We review de novo a trial court's dismissal of a complaint under Rule 4:6-2(e), Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med., 210 N.J. 597, 604 (2012), owing "no deference to the trial court's conclusions," Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011).  "We approach our review of the judgment below mindful of the test for determining the adequacy of a pleading: whether a cause of action is 'suggested' by the facts."  Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas, 109 N.J. at 192).  "[A] reviewing court 'searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement

---

[1] Plaintiffs obtained judgments against Wright and Marchese and dismissed the complaint against the certified public accountant and her accounting firm.

of claim, opportunity being given to amend if necessary.'" Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). Plaintiffs are "entitled to every reasonable inference of fact," ibid., but a "dismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted," Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987).

On its face, the complaint alleges only common law claims against TD Bank. The complaint does not expressly assert any statutory bases for plaintiffs' claims against the bank. A liberal reading of the complaint suggests it alleges that TD Bank either negligently allowed Wright and Marchese to deposit checks with forged endorsements into their accounts or aided and abetted in the conversion of plaintiffs' property.

The Uniform Commercial Code (UCC), N.J.S.A. 12A:1-101 to 12-26, "provides a comprehensive framework for allocating and apportioning the risks of handling checks." City Check Cashing, Inc. v. Mfrs. Hanover Tr. Co., 166 N.J. 49, 57 (2001). However, "[u]nless displaced by the particular provisions of the [UCC], the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, and other validating

or invalidating cause supplement its provisions." N.J.S.A. 12A:1-103(b).  Thus, "[a]s a general rule, courts have read" section 103(b) of the UCC "to mean that the [UCC] does not displace the common law of tort as it affects parties in their commercial dealings except insofar as reliance on the common law would thwart the purposes of the UCC."  ADS Assocs. Grp. v. Oritani Sav. Bank, 219 N.J. 496, 516 (2014) (quoting N.J. Bank NA v. Bradford Sec. Operations, Inc., 690 F.2d 339, 345-46 (3d Cir. 1982)).

"It is against that backdrop, and mindful of the balance of interests reflected in the Legislature['s] enactment of the [UCC's] provisions, that most courts have been reluctant to sanction common law negligence claims [against banks]."  City Check Cashing, Inc., 166 N.J. at 58.  "[I]n the check collection arena, unless the facts establish a special relationship between the parties created by agreement, undertaking or contact, that gives rise to a duty, the sole remedies available are those provided in the [UCC]."  Id. at 62.  It is "[o]nly in very rare instances," such as where claimant and the bank have a special relationship, that a court should "permit a common law cause of action."  Id. at 58 (quoting Bank Polska Kasa Opieki v. Pamrapo Sav. Bank, 909 F. Supp. 948, 956 (D.N.J. 1995)).

Plaintiffs' asserted common law claim of negligence fails as a matter of law because it is untethered to any factual allegation that plaintiffs and TD Bank had a special relationship. See Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 400 (2009). The complaint does not allege plaintiffs had any relationship, contract or undertaking with TD Bank or assert plaintiffs had any contacts with TD Bank establishing the special relationship required to support a legally viable common law cause of action. See City Check Cashing, Inc., 166 N.J. at 62; Brunson, 199 N.J. at 400; see also Psak, Graziano, Piasecki & Whitelaw v. Fleet Nat'l Bank, 390 N.J. Super. 199, 205-06 (App. Div. 2007) (finding that where plaintiff did not establish a special relationship between plaintiff and defendant mortgage servicer, plaintiff's claim of common law negligence was displaced by the UCC).

Plaintiffs' putative common law claim for conversion similarly fails because the UCC provides a remedy for conversion of a check by paying on a forged endorsement. N.J.S.A. 12A:3-420(a); see also N.J. Lawyers' Fund for Client Prot. v. Pace, 374 N.J. Super. 57, 62 (App. Div. 2005) (noting that "[c]onversion occurs" under N.J.S.A. 12A:3-420(a) "when [a] bank pays on [a] forged endorsement"); Leeds v. Chase Manhattan Bank, NA, 331 N.J. Super. 416, 422 (App. Div. 2000) (finding "a depository bank" is "strictly liable [under

the UCC] for conversion on a forged or stolen instrument"). Thus, allowing plaintiffs to pursue a common law conversion claim against TD Bank for its alleged aiding and abetting of Wright's and Marchese's conversion of the checks by paying on the alleged forged endorsements would "thwart the purposes of the UCC." ADS Assocs., 219 N.J. at 516 (quoting N.J. Bank, 690 F.2d at 345-46).

The complaint does not expressly assert a claim founded on the UCC. But even if the requisite liberal reading of the complaint, Printing Mart, 116 N.J. at 746, permitted an extrapolation of a cause of action based on the UCC, the claim must be dismissed because it is time-barred. N.J.S.A. 12A:3-118(g) provides that "an action for conversion of an instrument . . . or like action based on conversion . . . arising under this chapter . . . must be commenced within three years after the cause of action accrues." An action for conversion accrues "with respect to negotiable instruments . . . at the time of conversion, and . . . the time of discovery rule does not apply." N.J. Lawyers' Fund for Client Prot. v. Pace, 186 N.J. 123, 125 (2006) (quoting Pace, 374 N.J. Super. at 67).

Plaintiffs' complaint alleges they learned of Wright's and Marchese's actions in "late December of 2011," but did not file their complaint until February 2015, more than three years after TD Bank's putative conversion of the funds by paying on the allegedly forged endorsements. Thus, to the extent the

complaint might be liberally read to assert a claim for conversion under the UCC, it is time-barred under N.J.S.A. 12A:3-118(g). Plaintiffs do not argue to the contrary.

Although the complaint makes no reference to the UFL, plaintiffs also argued before the motion court, and reprise the argument on appeal, that the complaint asserts a cause of action under the UFL against TD Bank. The court rejected the argument finding that, based on the facts alleged in the complaint, the statute did not apply because Wright and Marchese were not fiduciaries under the UFL. We therefore consider whether the complaint's allegations suggest the fundament of a cause of action against TD Bank under the UFL. Printing Mart, 116 N.J. at 746. We find that it does.

The UFL provides that a bank is liable where it takes a check from a fiduciary under certain circumstances, the fiduciary breaches his or her fiduciary obligations to the principal and the bank "takes the instrument with actual knowledge of the breach or with knowledge of facts that [its] action in taking the instrument amounts to bad faith." N.J.S.A. 3B:14-55; see also N.J. Title Ins. Co. v. Caputo, 163 N.J. 143, 149-57 (2000) (explaining standard for establishing bad faith under N.J.S.A. 3B:14-55). Similarly, N.J.S.A. 3B:14-58(a) provides that a bank is liable under certain defined circumstances where a fiduciary

9

deposits a check in his or her personal account and the bank "receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of [her] obligation as fiduciary in making the deposit or drawing the check, or with knowledge . . . that . . . receiving the deposit of paying the check amounts to bad faith."  N.J.S.A. 3B:14-58(b) provides that where an instrument is "payable to the principal . . . the bank has notice of the breach of fiduciary duty if the instrument is deposited to an account other than an account of the fiduciary, as fiduciary, or an account of the principal."

Here, the complaint in part alleges TD Bank had actual knowledge Wright and Marchese forged checks made payable to plaintiffs and, with that knowledge, accepted the checks with forged endorsements and deposited them in Wright's and Marchese's personal accounts.  In our view, those assertions sufficiently allege the bad faith elements of causes of action under N.J.S.A. 3B:14-55 and -58(b).  Moreover, the allegations concerning their possession of the checks, fraudulent endorsement of the checks and deposits of the checks sufficiently suggest that they engaged in conduct encompassed by the statutes supporting a claim against TD Bank under the UFL.  For example, and not by way of limitation, the complaint alleges Wright and Marchese deposited the checks into their personal accounts which, giving plaintiffs the benefit of all

reasonable inferences, supports a claim TD Bank had notice of their alleged breach of fiduciary duty. See N.J.S.A. 3B:14-58(b).

TD Bank correctly argues the complaint does not expressly allege that either Wright or Marchese was a fiduciary within the meaning of the UFL. N.J.S.A. 3B:14-53(b) defines "fiduciary" under the UFL as follows:

> [A] trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of a corporation, public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust or estate.
>
> [N.J.S.A. 3B:14-53(b).]

Here, the complaint describes Marchese as the dental practice's office manager and Wright and Marchese as plaintiffs' employees. It also suggests that in their respective capacities they had access to the checks at issue. Plaintiffs further argue that by virtue of Wright's and Marchese's taking of the checks, they should be considered "constructive trustees" of the checks and, as such, are fiduciaries under N.J.S.A. 3B:14-53(b).[2]

---

[2] We acknowledge plaintiffs did not argue before the motion court that Wright and Marchese are "constructive trustees" of the checks and are therefore fiduciaries under N.J.S.A. 3B:4-53(b). While we generally do not consider arguments raised for the first time on appeal unless they go to our jurisdiction

It is not our role to determine whether plaintiffs are correct in their assertions, or whether evidence will ultimately support their UFL claim. Printing Mart, 116 N.J. at 746. We determine only whether a cause of action is suggested by the facts, ibid., and if "a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary," ibid. (quoting Di Cristofaro, 43 N.J. Super. at 252). For the reasons noted, we are convinced the complaint suggests a cause of action against TD Bank under the UFL and the court erred by dismissing the complaint as to that claim with prejudice.[3] See id. at 772 (noting that dismissals granted pursuant to Rule 4:6-2(e) should ordinarily be without prejudice so as to allow plaintiffs to better articulate their claims in an amended complaint). We therefore vacate the court's order dismissing the complaint with prejudice as to plaintiffs' UFL claim against

_____

or involve matters of public concern, Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973), we consider plaintiffs' belated argument here because our analysis under Rule 4:6-2(e) requires that we conduct a "painstaking" review of the complaint "with a generous and hospitable approach" to discern whether it suggests a fundament of a cause of action, Printing Mart, 116 N.J. at 746.

[3] We offer no opinion as to the merits of any UFL claim plaintiffs may assert in an amended complaint. For example, we do not suggest or decide that either Wright or Marchese is a fiduciary under N.J.S.A. 3B:14-53(b), that they engaged in conduct which would otherwise make TD Bank liable under the UFL or that TD Bank acted in bad faith or in any other manner making it liable under the UFL. We decide only that plaintiffs may file an amended complaint alleging facts supporting their UFL claims.

TD Bank and remand to allow plaintiffs to amend their complaint to allege a claim under the UFL.

We affirm the court's dismissal with prejudice of plaintiffs' common law claims for negligence and conversion and claims under the UCC against TD Bank.

Affirmed in part, vacated in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4048-17T2