OPINION OF THE COURT
Israel Rubin, J.
This is a motion brought on by order to show cause seeking an order vacating the filing of a judgment in the office of the Clerk of New York County and/or staying the execution thereon, and permanently enjoining the enforcement of the judgment in this State.
On December 27, 1976, a judgment by default was rendered by the District Court of Tarrant County, Texas, against the judgment debtor Maurice J. Cohn. A transcript of this judgment was filed in New York on June 16, 1977, pursuant to CPLR article 54, and an execution was thereafter issued to the Sheriff.
A brief history of the Texas litigation is essential to an understanding of the issues herein.
Mansfield State Bank (Mansfield), the judgment creditor, commenced an action in Texas against Cohn, Garywood Development Corporation (Garywood) and Atlan-Tex Realty & Funding Corporation (Atlan-Tex), in December of 1975 in *328 which Mansfield alleged nonpayment of a promissory note of Garywood executed on September 30, 1975 by Cohn, as president of Garywood, and guaranteed by Atlan-Tex, which was also signed by Cohn as president of Atlan-Tex.
Summary judgment was obtained against the corporations and the action against Cohn, together with a third-party action commenced by Cohn, was severed.
The action against Cohn is predicated upon title 122A (ch 12, art 12.14) of the Texas Tax Code, which provides in substance that a director or officer of any corporation which right to do business in the State was forfeited, shall as to any and all debts of such corporation created or incurred with his knowledge, approval and consent after the forfeiture, be deemed and held personally liable thereon as if the director or officer was a partner of the corporation.
Cohn claims that he has a meritorious defense to the Texas action in that at the time he executed the note he was unaware that Garywood had forfeited its charter, and that in order for him to be liable thereon, it is essential that the plaintiff prove he had actual knowledge thereof, i.e., that scienter is an element of the plaintiffs proof.
Mansfield contends that it is not a requirement that the officer or director have actual knowledge of the forfeiture of the corporate charter when the debt was created or incurred and in any event this is not an issue for the New York courts since this issue has been decided in Texas and is not subject to collateral attack in New York.
Cohn appeared in the Texas action on January 29, 1976 and participated in various pretrial proceedings.' He commenced a third-party action against a Herman J. Smith seeking indemnification.
On or about August 26, 1976, Cohn’s Texas attorney moved to withdraw as counsel for Cohn and the other defendants on the ground of nonpayment of his fee and noncooperation. This motion was granted on November 2, 1976. On November 11, 1976, counsel for Mansfield sent the Texas court and Cohn, who is a New York attorney, a notice requesting that the trial be set for the week of December 27, 1976. Cohn does not dispute receipt of this notice. The local rules of practice provide that a case is noticed for trial by the plaintiff mailing a letter to the court reqesting that the case be set for trial for a specific week. The case appears on the Monday of the requested week and is thereafter tried as soon as it is reached.
*329 Cohn contends that his failure to appear and the subsequent default was excusable because the notice sent him was insufficient to apprise him that a trial would actually be held on the date requested, and that the Texas default judgment is subject to collateral attack in New York.
On January 19, 1977, Cohn moved in Texas to set aside the default judgment upon substantially the same grounds raised in the motion before this court. The motion was denied and an appeal taken therefrom, which is still pending. Pursuant to subdivision (a) of rule 364 of the Texas Rules of Civil Procedure, Cohn could file a "supersedeas bond” which would stay the execution of the judgment pending the outcome of the appeal. Cohn failed to file such a bond and is therefore not entitled to a stay in this court pursuant to CPLR 5404 (subd M).
 The judgments of sister States are entitled to full faith and credit so long as the rendering court had personal or subject matter jurisdiction. Such a judgment is entitled to full faith and credit in this State and is only subject to collateral attack when the courts either lacked jurisdiction or there was fraud in the entry of the judgment (Williams v North Carolina, 317 US 287). Defendant may not for a second time challenge the validity of plaintiffs rights in our courts (Magnolia Petroleum Co. v Hunt, 320 US 430) for a judgment of a sister State, where there is jurisdiction of the parties and of the subject matter, operates as res judicata in the absence of fraud or collusion, even if obtained upon default (Riehle v Margolies, 279 US 218).
There can be no objection to the personal jurisdiction of the Texas court since the defendant, on several occasions, voluntarily appeared in Texas in connection with the litigation and entered an answer to the complaint. There is also no complaint that the Texas court did not have jurisdiction of the subject matter.
Cohn, who is an attorney, seeks to excuse his default in Texas by reason of his misunderstanding of the rules of the court. He concedes receipt of a letter from the attorneys for plaintiff in Texas advising him that trial was requested for the week of December 27, 1976. Admittedly, he took no action assuming that he would be further advised. A single phone call or letter addressed to the court would have informed the defendant of the significance of the date requested. There is nothing in the record to indicate that he even attempted to *330 obtain the services of a new attorney in Texas during that period of time.
Defendant points to CPLR 5402 (subd [b]) to suggest that the grounds listed in CPLR 5015 (subd [a], par 1) for relief from a default judgment apply also to relief from a foreign default judgment.
CPLR 5402 (subd [b]) provides that: "Status of foreign judgments. The clerk shall treat the foreign judgment in the same manner as a judgment of the supreme court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner”.
The Supreme Court of the United States has enunciated from early times that a judgment of a sister State should have the same credit, validity and effect in every other court in the United States which it had in the State where it was pronounced. No local statute can be made in contravention of these determinations. Had the State Legislature attempted to interfere with the full faith and credit standards, it would have incurred the risk of unconstitutionality (US Const, art IV, § 1).
There may be situations other than jurisdiction or fraud where our courts would act to vacate or stay a foreign judgment, but we may not determine if the first court made a correct adjudication (Thirteenth Ann Report of NY Judicial Conference, p 283). In the present situation, it seems clear that CPLR 5015 is not applicable to judgments filed under article 54 (Overmyer v Eliot Realty, 83 Misc 2d 694).
The defendant has not shown the type of fraud necessary to come within the exceptions of full faith and credit. Defendant alleges that certain false representations were made relating to the notice given to the defendant of the hearing in Texas. However, defendant concedes receipt of a letter from the attorneys for plaintiff advising him of the trial request. Furthermore, the notice as given to defendant complied with rule 1 of the Rules of Practice in Civil Cases in the District Court of Tarrant County, Texas, which provides: "Either at or before the time the written request for setting is made to the District Court, a copy thereof must be served upon all counsel of record and upon all parties not represented by counsel”.
While the courts of this State have taken a liberal approach to the vacating of default judgments, this court *331 cannot go behind the court in Texas and decide that the Judge in said court abused his discretion in not vacating the judgment. The argument advanced here was rejected by the Texas court, and the matter is now under appeal. The fact that the default judgment is under appeal does not detract from its validity, nor render it less conclusive while it remains in full force and effect (Miller Constr. Co. v Berlanti Constr. Co., 197 NYS2d 818).
Accordingly, the motion to vacate the foreign judgment filed under CPLR article 54 is denied. Execution, however, shall be stayed for a period of 10 days in order to give the defendant the opportunity to file the necessary security for the satisfaction of the judgment pending the appeal.