OPINION OF THE COURT
Vincent Pizzuto, J.
By this motion the defendants, Tomato Music Company, Ltd., and Kevin Eggers, seek to stay the plaintiff from taking any further steps to enforce a judgment which the plaintiff secured against the defendants in the amount of $412,242.53 on January 25, 1983, in the State of Minnesota. This judgment was filed with the Kings County Clerk’s office on March 15, 1983 pursuant to CPLR 5402.
With reference to the Minnesota action, the alleged facts, which are uncontroverted by plaintiff, are as follows:
On November 12,1982, local counsel (retained by defendants’ New York counsel) received from plaintiff’s counsel a set of interrogatories and request for documents. Certain objections were made thereto, which resulted in proceedings to compel answers to those interrogatories to which objections had been made. A hearing was held on December 23, 1982 and the matter was taken under advisement by the court. Local counsel first received notice of the court’s decision and order on December 29, 1982. (The *228 order directed answers to interrogatories within 30 days of date of the order or otherwise default judgment.) He immediately attempted to notify New York counsel and was informed that New York counsel was on vacation and would not be in his office until the first week of January, 1983. A copy of the order was mailed to New York counsel on December 30, 1982. It was not until January 24, 1982 that New York counsel informed local counsel that the answers to the interrogatories and the accompanying documents were mailed by Air Express and would arrive in Minnesota the next morning. Plaintiff’s counsel was immediately called and informed that the documents (weighing 21 pounds) and the answers were on route and would arrive the next morning and that they would be furnished to the plaintiff upon their arrival. Plaintiff’s counsel made no response and did not indicate that he intended to seek default judgment or other sanctions. On January 25,1983, the answers to the interrogatories and the accompanying documentation were delivered to plaintiff’s counsel along with a check for $250 for costs assessed in the District Court’s order made December 23, 1982. However, prior thereto plaintiff’s counsel had met with the Judge, ex parte, and without disclosing to him his conversation with local counsel, obtained and docketed, on January 25, 1983 at 8:00 a.m., a judgment in the amount of $412,242.53 or $86,747.24 more than sought in the complaint. The judgment was based on an affidavit apparently filed after entry of judgment.
On February 16, 1983 the defendants sought to vacate this judgment before the Minnesota District Court. That court ordered the judgment vacated conditioned upon the defendants filing a surety bond in the amount of $618,363.79. Rather than post the required bond, the defendants on March 18, 1983 filed a notice of appeal to the Supreme Court of Minnesota and also sought a stay pending their appeal, without the necessity of posting a bond. By order dated March 30, 1983, the Minnesota Supreme Court denied this request but ordered an expedited appeal on the propriety of the underlying judgment.
Defendants further allege the possibility that plaintiff is going out of business and the resultant prejudice to them, if enforcement proceedings are not stayed, pending appeal.
*229 The issue raised in this motion is whether the defendants are limited in seeking a stay of any enforcement procedures in New York under CPLR 5404 (subd [a]), in which case they would have to post as security therefor the amount required by the State of Minnesota; or can they obtain a stay under CPLR 5404 (subd [b]), in which case the posting of security is not a concomitant requirement. In other words, does the requirement of a “supersedeas bond” by the State rendering the foreign judgment, restrict the judgment debtor in New York to making an application for a stay solely under CPLR 5404 (subd [a])?
The Minnesota judgment was not a judgment obtained by “default in appearance” and is thus a bona fide “foreign judgment” as defined in CPLR 5401 and is enforceable as a judgment of this State under CPLR 5402. Undeniably, it is entitled to full faith and credit under section 1 of article IV of the United States Constitution. The court is certainly not empowered to consider the merits of the underlying litigation resulting in the judgment, nor the merits underlying the sundry orders. Does this mean that where the foreign State has refused, in its discretion, to grant a stay of execution of judgment pending appeal, unless a bond is posted in the foreign jurisdiction, that our courts are powerless to exercise their discretion, in a proper case, to grant a stay of execution, in this State, pending appeal in the foreign jurisdiction?
The determination of this question requires an analysis of the Uniform Enforcement of Foreign Judgments Act, i.e., CPLR article 54. In this respect, CPLR 5402 (subd [bl) provides that: “The clerk shall treat the foreign judgment in the same manner as a judgment of the supreme court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner.”
It is a basic rule of statutory construction that “[a]ll parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof” (McKinney’s *230 Cons Laws of NY, Book 1, Statutes, § 98, subd a; see, also, Matter of Anderson v Board of Educ., 46 AD2d 360, 364, affd 38 NY2d 897; Matter of Honeoye Cent. School Dist. v Berle, 72 AD2d 25, 35). Thus, regardless of the fact that CPLR 5404 is divided into two subdivisions, it is necessary that the entire section be construed in such a manner that it is congruent with the other sections of article 54. Since CPLR 5402 (subd [b]) provides that a foreign judgment is subject to stays in the same manner as if it were a New York judgment, it would be inconsistent to read section 5404 as providing for a more restrictive apparatus for obtaining a stay where a foreign judgment is concerned.
Furthermore, in adopting CPLR article 54, the Legislature followed the recommendation of the Judicial Conference (see Thirteenth Ann Report of NY Judicial Conference, 1968). In its comments to section 5404, the Judicial Conference noted that “[tjhis section assures that the judgment debtor will be able to present any grounds for a stay of execution that he may have” (id., at p 288). Evidently, the ultimate purpose of CPLR 5404 is to provide a judgment debtor faced with a foreign judgment a forum to obtain a stay on the same terms and conditions as those relating to a New York judgment. This approach was adopted by the Arizona courts in the case of Jones v Roach (118 Ariz 146). Accordingly, the Arizona court held that (p 150) “[tjhe foreign judgment ‘is subject to the same * * * proceedings for * * * staying’ as a final judgment of this state. In our opinion, this is merely the granting clause which allows the application of A. R. S. § 12-1704 (stay of enforcement of judgments)”.
Although CPLR 5404 (subd [a]) is headed “Based upon security in foreign jurisdiction” and CPLR 5404 (subd [b]) is headed “Based upon the other grounds”, such division of headings does not mandate, as urged by the plaintiff, that this section must be viewed as containing mutually exclusive relief provisions. Therefore, it does not follow that ineligibility under one subdivision mandates the ineligibility under the other subdivision. Rather, the appropriate construction would allow a court to determine eligibility under subdivision (b) whether or not a party meets the *231 eligibility requirements (to wit, furnishing a bond) under subdivision (a).
Ordinarily, a heading of a portion of a statute, such as a chapter or section, is not a part of the act and does not extend or restrict the language contained in the body of the statute (Park Place-Dodge Corp. v Collins, 75 Misc 2d 25, 31, affd 43 AD2d 910). Moreover, while a heading may clarify or point the meaning of an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute itself (Rivers v Sauter, 26 NY2d 260, 262). Thus, notwithstanding any other purposes that these dual headings have, they certainly do not have the effect of restricting access to subdivision (a) where the State renderr .g the foreign judgment has required the posting of a security.
Insofar as the plaintiff contends that this case is controlled by the case of Mansfield State Bank v Cohn (95 Misc 2d 326) such reliance is misplaced. Although there are certain factual similarities between Mansfield (supra) and the case at bar, the primary issue in Mansfield was a purported attack by the judgment debtor on the validity of the underlying Texas judgment. It is precisely for this reason that Special Term remarked (p 330) that “Defendant points to CPLE 5402 (subd [b]) to suggest that the grounds listed in CPLE 5015 (subd [a], par 1) for relief from a default judgment apply also to relief from a foreign default judgment * * * In the present situation, it seems clear that the CPLE 5015 is not applicable to judgments filed under Article 54”. Accordingly, that court’s remark (p 329) that “Cohn failed to file such a bond and is therefore not entitled to a stay in this court pursuant to CPLE 5404 (subd [a])” was neither the holding of that case nor an adjudication of the issue before this court.
This court is convinced that where a foreign judgment debtor raises grounds for a stay which would warrant a court in granting relief to a New York judgment debtor, the fact that the foreign jurisdiction requires a bond should not preclude relief under CPLE 5404 (subd [b]). In the case of Everson v Everson (494 Pa 348) the appellant was appealing an Arizona judgment and was denied a stay under the Pennsylvania Uniform Enforcement of Foreign *232 Judgments Act, because he failed to post the necessary bond in Arizona. Nevertheless, the Supreme Court of Pennsylvania reversed the lower court and ordered a stay without the necessity of posting any security. Thus that court held (pp 359-360) that “[wjhile enforcement of the Arizona judgment was technically permitted by the Uniform Enforcement of Foreign Judgments Act, general principles of law relating to the enforcement of judgments suggest that execution on the January 25, 1977 judgment be stayed on equitable grounds due to the proceedings in Arizona subsequent to appellee’s transfer of the judgment to Pennsylvania.”
In a similar manner, the circumstances herein present this court with a situation where the defendants, judgment debtors, have raised sufficient grounds to warrant relief under CPLR 5404 (subd [b]), without attacking the validity of the underlying Minnesota judgment. Furthermore, these grounds fully warrant this court to exercise its discretion and dispense with the posting of any bond pending the outcome of the appeal in Minnesota (see CPLR 5519, subd [c]).
Accordingly, it is the judgment, decision and order of this court that Pickwick International, Inc., and its attorneys, Boyar & Higgins, and/or their agents, are hereby stayed pursuant to CPLR 5404 (subd [b]) from taking any further steps or proceedings in the above-entitled action, until such time as the Supreme Court of Minnesota renders a decision on the pending appeal.