OPINION OF THE COURT
Matthew F. Cooper, J.
The limited issue to be decided in this interim decision is whether this court may stay the postdivorce enforcement proceeding that the plaintiff mother, Wendy A. Evoy, commenced to enforce a judgment for child support entered in the state of Illinois against the defendant father, Peter Amandio, Jr. In his cross motion filed in response to plaintiffs enforcement motion, defendant states that he has appealed the issuance of the judgment to an Illinois appellate court, but he acknowledges that he has not posted security in the Illinois court nor obtained a stay from there. Defendant contends that because the appeal is pending and because security was not required to take the appeal in the Illinois appellate court, the requirements of CPLR 5404 (a) are satisfied and that this court must stay these proceedings pending final determination of the appeal. Alternatively, defendant seeks a stay under the more expansive and discretionary provisions of CPLR 5404 (b). Plaintiff contends that a mandatory stay under CPLR 5404 (a) is improper because defendant is unable to demonstrate that an appeal is actually pending and because he did not post security with the Illinois courts. She argues that absent the granting of a stay by the foreign state’s courts, the posting of security is required to stay the enforcement of that foreign state’s money judgments in this state.
In November and December of 2010, the Circuit Court of Cook County, Illinois entered two judgments against the defendant. The judgments totaled $518,925.25, and they were for past due child support, add-on expenses, and tuition. In addition to *412 monetary support arrears, the judgments addressed other issues stemming from the parties’ marriage, including the termination of defendant’s visitation and telephone contact with the parties’ child.
In entering the judgments, the Circuit Court noted that defendant failed to appear on the two court dates although he was duly notified of those dates. The judgments, however, were not issued “on default” inasmuch as the defendant had previously appeared in the case and had entered responsive pleadings. (See Shine, Julianelle, Karp, Bozelko & Karazin v Rubens, 192 AD2d 345, 346 [1st Dept 1993].)
Plaintiff docketed the judgments with the New York County Clerk’s Office on February 23, 2011, and commenced this proceeding in March 2011 to enforce the Illinois judgments and to restrain defendant’s New York accounts. Defendant cross-moved for, inter alia, a stay of this proceeding until the appeals of the Illinois judgments are finally determined.
On May 9, 2011, a judge of the Circuit Court of Cook County, Illinois, denied defendant’s motion to vacate the November and December 2010 judgments and orders. Defendant then appealed the judgments and the May 2011 decision of the Circuit Court by filing notices of appeal on May 10 and 13, 2011, copies of which are annexed to defendant’s memorandum of law in support of this application. No security was posted or stay issued by any Illinois court upon defendant filing the appeals. The bases for the appeals, as asserted in the docketing statement defendant filed with the Illinois appellate court on June 1, 2011 and submitted with his memorandum of law, include lack of personal and subject matter jurisdiction, lack of proper service, fraud, violations of due process, and that the judgments lack any factual basis in the record. Defendant also submitted a copy of a motion purportedly filed with the appellate court of Illinois for an extension of time to file the Circuit Court record. The submitted copy of the motion, however, in no way indicates that it was received by or filed with the appropriate court.
The doctrine of full faith and credit requires that the “judgment of a state court should have the same credit, validity and effect, in every other court of the United States, which it had in the state where it was pronounced.” (Hampton v McConnel, 16 US 234, 235 [1818].) Exceptions to the rule of full faith and credit lie where the court rendering the initial decision lacked jurisdiction, be it subject matter or personal, when the initial decision was not final under the laws of the rendering state, or *413 where the foreign state’s findings are subject to fraud or collusion claims. (See Cadle Co. v Tri-Angle Assoc., 18 AD3d 100, 103 [1st Dept 2005]; Riehle v Margolies, 279 US 218, 225 [1929].) Under the Uniform Enforcement of Foreign Judgments Act, codified in article 54 of the CPLR, upon a litigant properly docketing a foreign judgment in this state, such judgment shall be treated “in the same manner as a judgment of the supreme court of this state,” including “the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the supreme court of this state and may be enforced or satisfied in like manner.” (CPLR 5402 [b].) Effectively, the act of registering a foreign judgment in this state creates “the equivalent of a new judgment of the registration court.” (People’s Natl. Bank v Hitchcock, 104 Misc 2d 647, 649 [Sup Ct, Broome County 1980], quoting Stanford v Utley, 341 F2d 265, 268 [8th Cir 1965].) The State of New York recognizes and permits the enforcement of judgments of sister states to such a degree that it “may permit . . . collection based on a [foreign] judgment that may later be reversed.” (Keeton v Hustler Mag., Inc., 815 F2d 857, 862 [2d Cir 1987].) By doing so, New York has “chosen to accord more immediate effect to out-of-state federal judgments than the federal government itself.” (Id.)
Upon a foreign judgment being properly docketed in this state, the foreign judgment must be deemed final by the laws of the foreign state “and be afforded such full faith and credit as is afforded our own judgments.” (People’s Natl. Bank, 104 Misc 2d at 651.) Where an appeal is pending in the foreign state and security, as required by the foreign state, has been furnished in the foreign appeal, the court is required to stay the enforcement proceeding of such foreign judgment:
“If the judgment debtor shows the supreme court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.” (CPLR 5404 [a] [emphasis added].)
CPLR 5404 (b) gives the court the additional and more expansive power to stay enforcement of a foreign judgment where the “judgment debtor shows the supreme court any *414 ground upon which enforcement of a judgment of the supreme court of this state would be stayed . . . upon requiring the same security for satisfaction of the judgment which is required in this state.” Although the bases for a stay provided for in subdivisions (a) and (b) are divergent, as indicated by their headings— “Based upon security in foreign jurisdiction” and “Based upon other grounds” — “it does not follow that ineligibility under one subdivision mandates the ineligibility under the other subdivision.” (Pickwick Intl. v Tomato Music Co., 119 Misc 2d 227, 230 [Sup Ct, Kings County 1983].) Instead, the court may grant a stay of enforcement under subdivision (b) “whether or not a party meets the eligibility requirements (to wit, furnishing a bond) under subdivision (a).” {Id. at 230-231.) Ultimately, it was the intent of the Legislature in adopting CPLR 5404 to provide a judgment debtor in New York facing enforcement of the foreign judgment “a forum to obtain a stay on the same terms and conditions as those relating to a New York judgment.” {Id. at 230; see Thirteenth Ann Report of NY Judicial Conference, 1968.)
Defendant’s interpretation of CPLR 5404 (a) — that a stay pursuant to CPLR 5404 (a) must be issued when an appeal is pending, security was not posted in the foreign state, and the foreign state does not require security to file the appeal — though not entirely unsupported from a cursory reading of the statute, is not supported by the relevant statutory construction and case law interpreting this subdivision. First, the statutory heading of subdivision (a) plainly indicates that the basis for a stay must be “[b]ased upon security in foreign jurisdiction^].” Despite the fact that the heading portion of the statute is not “part of the act and does not extend or restrict the language contained in the body of the statute ... it may be resorted to as an aid in ascertainment of the legislative intent where a provision is ambiguous in meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 123 (b); see Pickwick Intl., 119 Misc 2d at 231.) Thus, when read in concert with the body of subdivision (a), it is clear that the legislative intent was for New York to award a stay only where security was posted in the foreign state to effectuate a stay in that state. (See also Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5404:l [“Assume that the judgment is on appeal in the first (the foreign) forum, but that security is not required there, thus making subdivision (a) — assuming that it applies only when the original court does require security — inapplicable” (emphasis added)].)
*415 The limited case law on this issue is also clear that CPLR 5404 (a) requires the posting of security in the foreign appeal prior to the issuance of a stay in this state. In the case of Tatick v Tatick (119 Misc 2d 729 [Sup Ct, NY County 1983]), a New Jersey court issued a judgment against defendant which plaintiff then docketed pursuant to article 54 and sought to enforce in this state. Defendant then filed an appeal in New Jersey, did not post security to satisfy a prior contempt finding, and sought to stay the New York enforcement proceeding. The court, in addressing defendant’s application for a stay under CPLR 5404 (a), denied the application for his failure to post security in the New Jersey appeal since “such filing of security [in the foreign state] is required in order for a stay to issue pursuant to CPLR 5404 (subd [a]).” {Id. at 732.)
The factual scenario here is also similar to that in the 1983 decision of Mansfield State Bank v Cohn (95 Misc 2d 326 [Sup Ct, NY County 1977]). In Mansfield, a judgment was issued against the defendant by a Texas trial court after the defendant appeared in the case but failed to appear at trial. Plaintiff subsequently filed a judgment in New York pursuant to article 54 and sought to enforce the judgment. Defendant then moved in the Texas court to set aside the judgment based on assertions that his failure to appear was excusable in that he had not been properly notified of the trial date. The motion was denied and appeal taken therefrom. While the appeal was pending in Texas, defendant moved in New York to vacate the judgment and stay its execution. The New York court noted that under the Texas Rules of Civil Procedure, defendant could have filed a bond to stay the execution of the judgment pending the outcome of the appeal. Defendant, however, “failed to file such a bond and is therefore not entitled to a stay in this court pursuant to CPLR 5404 (subd [a]).” {Id. at 329.) The Mansfield court went on to hold that although the pending appeal “does not detract from [the judgment’s] validity, nor render it less conclusive while it remains in full force and effect,” “this court cannot go behind the court in Texas and decide that the Judge in said court abused his discretion in not vacating the judgment.” {Id. at 330-331.) Accordingly, the New York court denied the motion to vacate and stayed the enforcement of the Texas judgment for 10 days to allow defendant to file the necessary security to stay enforcement while the case was on appeal.
Like the rules of the Texas court addressed in Mansfield, the Illinois rules governing appeals also permit an appeal to be *416 taken without the filing of security, but filing of an appeal does not equate to an automatic stay. Rule 305, paragraph (a) of the Illinois Supreme Court Rules, entitled “Stay of Enforcement of Money Judgments” states that
“[t]he enforcement of a judgment for money only, or any portion of a judgment which is for money, shall be stayed if a timely notice of appeal is filed and an appeal bond or other form of security ... is presented to, approved by and filed with the court within the time for filing the notice of appeal or within any extension of time granted under paragraph (c) of this rule.” (Emphasis added.)
Comparatively, paragraph (b), entitled “Stays of Enforcements of Nonmoney Judgments and Other Appealable Orders,” states that “the court may also stay the enforcement of any judgment, other than a judgment, or portion of a judgment, for money . . . A bond or other form of security may be required in any case, and shall be required to protect an appellee’s interest in property.” (Emphasis added.)
Defendant has not sought a stay in the Illinois court under rule 305 (a) or (b) and asserts that security is not required to file an appeal under rule 305 (b) because the orders on appeal address both monetary and nonmonetary judgments, including parental access restrictions. Although the statutes of Illinois clearly permit defendant to appeal an order of a court of that state without the filing of security to satisfy the monetary judgments issued against him, such filing of an appeal does not result in an automatic stay in this state under CPLR 5404 (a). This is because the Illinois statute requires that security be posted to stay the enforcement of “any portion of a judgment which is for money.” (Illinois Supreme Court Rules, rule 305 [a].) A stay of this enforcement proceeding under CPLR 5404 (a) is not, therefore, permissible as defendant, like the defendant in Mansfield, has not posted the security required by the rules of Illinois to effectuate a stay, despite that state permitting an appeal to proceed without requiring such security. (See Mansfield State Bank, 95 Misc 2d at 331; Pickwick Intl., 119 Misc 2d at 229 [“The issue raised in this motion is whether the defendants are limited in seeking a stay of any enforcement procedures in New York under CPLR 5404 (subd [a]), in which case they would have to post security as security therefor the amount required by the State of Minnesota”]; Siegel, NY Prac § 435 [4th ed] [“If the underlying judgment has been stayed in the first forum, because of an appeal or a motion to *417 vacate or the like, the judgment debtor can move to stay the overlaid New York judgment as well, but only upon a showing that if the first forum required security as a condition, the security there has been given”]; see also Peng v Su Hsieh, 31 Misc 3d 528 [Sup Ct, NY County 2011].)
As stated above, CPLR 5404 (b) gives the court the discretion to stay enforcement of a foreign judgment in New York based on “any ground upon which enforcement of a judgment of the supreme court of this state would be stayed . . . upon requiring the same security for satisfaction of the judgment which is required in this state.” Posting of security in the foreign state, unlike CPLR 5404 (a), “is not a concomitant requirement” of CPLR 5404 (b). (Pickwick Intl., 119 Misc 2d at 229.) Instead, CPLR 5404 (b) permits the court to stay enforcement of a properly docketed foreign judgment on equitable grounds without much further explanation required. (See e.g. id. at 232 [granting a discretionary stay based on “sufficient grounds to warrant relief under CPLR 5404 (subd [b]),” without requiring debtor to post bond pending the appeal in the foreign state]; see also CPLR 5519 [c].)
Of the limited published case law available interpreting CPLR 5404 (b), the court has come across only one case in which a New York court issued a stay of a proceeding to enforce a foreign judgment while an appeal was pending in the foreign state without requiring the debtor to post security. (See Pickwick Intl., 119 Misc 2d 227.) In Pickwick, judgment was entered against the defendants in a Minnesota trial court for $412,242.53 based on plaintiff’s affidavit, plaintiff’s attorney’s ex parte conversation with the Minnesota judge, and without the defendants appearing on the hearing date. Defendants then moved in the Minnesota trial court to vacate the judgment. The trial court ordered the judgment vacated on the condition that defendants filed security in an amount exceeding the judgment. Defendants failed to post the required security bond, and instead filed a notice of appeal of the underlying judgment and then petitioned the Minnesota appellate court for a stay of enforcement of the judgment without the necessity of posting security. Defendants’ request for a security-free stay was denied by the Minnesota appellate court, which instead directed an expedited appeal. The New York court, in addressing whether defendants were entitled to a stay of the enforcement proceedings under CPLR 5404 (a) and (b), held that even though the Minnesota judgment was not issued on default, the grounds asserted by de *418 fendants and the principals of equity required that it issue a stay in this state, without security, pending the outcome of the Minnesota appeal. In Pickwick, the New York court failed to .specify those equitable grounds upon which it based its decision not to require security. It can only be assumed, however, that these grounds included the Minnesota court entering judgment after “plaintiffs counsel had met with the judge, ex parte, and without disclosing to [the judge] his conversation with [defendant’s] local counsel” regarding defendants’ compliance with a Minnesota court order, as well as the general miscommunication between defendants’ New York and Minnesota attorneys. {Id. at 228.)
What defendant fails to grasp is that unlike in Pickwick where the court granted a stay of the judgment without security after the Minnesota judgment was entered against the innocent party, the Illinois judgments were entered here against an apparently culpable party. According to the order of December 9, 2010, the Circuit Court of Illinois specifically found that the defendant “has been engaged in a course of conduct in which he has made the litigation difficult and contentious,” “tendered false and fraudulent documents throughout discovery,” “tendered false and fraudulent tax returns to counsel for Wendy [the plaintiff] with the intent that Wendy would rely on the same,” and “failed to supply any accurate personal or corporate tax returns.” Then in the May 9, 2011 decision denying defendant’s motion to vacate the November and December 2010 orders, the court noted that defendant “had the opportunity to be present and be heard [prior to issuance of the judgments] and chose to not appear.” Based on these grounds and defendant’s failure to seek a stay of enforcement from the Illinois court, despite such stay being available upon the posting of security and/or application to the Illinois court, this court cannot find that equity mandates that a stay of enforcement be entered in this case pursuant to CPLR 5404 (b). While this court may have the power to stay these proceedings until resolution of the pending appeal, defendant’s dilatory tactics and general bad faith identified by the Illinois court do not warrant that this court exercise that power when defendant has chosen to forgo available remedies in Illinois. {See Keeton, 815 F2d at 862.) The court will, however, stay these enforcement proceedings for 30 days in order to give defendant the opportunity to file the necessary security in Illinois or otherwise petition the Illinois court for a stay. {See Mansfield State Bank, 95 Misc 2d at 331.) After *419 these 30 days, unless defendant demonstrates that the appeal is still pending and security was posted or a stay entered, plaintiffs enforcement action may proceed.
In light of the following, is it hereby ordered that defendant’s cross motion application is granted solely to the extent of staying plaintiffs enforcement action for 30 days from the date of this order so as to allow defendant to either file security or obtain a stay in Illinois, and it is further ordered that defendant’s cross motion to stay this proceeding is in all other respects denied in its entirety, and it is further ordered that counsel are to appear before this court on December 5, 2011 at 2:15 p.m. for the purposes of ascertaining whether defendant has complied with the requirement of posting security or obtaining a stay in Illinois, and in the event he has failed to do so, then for the purposes of scheduling further proceedings on plaintiff’s enforcement motion.