NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1377-12T3

CUMBERLAND COUNTY BOARD
OF CHOSEN FREEHOLDERS,

    Plaintiff-Appellant,

v.

VITETTA GROUP, P.C., ARTHUR J.
OGREN, INC., CONTINENTAL CAST
STONE EAST, BY RUSSELL, INC.,
and E.P. HENRY CORPORATION,

    Defendants,

and

GILBANE BUILDING COMPANY,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

July 30, 2013

APPELLATE DIVISION

Argued June 4, 2013 - Decided July 30, 2013

Before Judges Messano, Lihotz and Ostrer.

On appeal from the Superior Court of New
Jersey, Law Division, Cumberland County,
Docket No. L-962-07.

Steven L. Rothman argued the cause for
appellant (Lipman, Antonelli, Batt, Gilson,
Rothman & Capasso, attorneys; Mr. Rothman,
of counsel and on the briefs; Jane B.
Capasso, on the briefs).

Tracy L. Burnley argued the cause for
respondent (Marshall, Dennehey, Warner,

Coleman & Goggin, attorneys; Ms. Burnley, on the brief).

The opinion of the court was delivered by

LIHOTZ, J.A.D.

Defendant Gilbane Building Company (Gilbane) was retained by plaintiff, the Cumberland County Board of Chosen Freeholders, in the early 1990's to supervise construction of the expansion and remodeling of the Cumberland County Courthouse (the Courthouse Project). Thereafter, leaking caused water damage, but Gilbane was neither notified of nor involved in repair attempts. When plaintiff initiated this action against Gilbane and other construction professionals involved in the Courthouse Project, more than ten years had passed since Gilbane completed its services. The Law Division dismissed plaintiff's complaint as untimely under the applicable ten-year statute of limitations for civil actions commenced by governmental bodies. On appeal, plaintiff argues the judge erred as a matter of law by applying the wrong legal standard when determining whether its action was untimely. We are not persuaded and affirm.

The facts, taken from the summary judgment record, are tailored to address only those issues raised by plaintiff with respect to its claims against Gilbane, omitting facts concerning the other defendants.

In May 1993, plaintiff and Gilbane executed an agreement for construction services (the Agreement).  Under the Agreement, Gilbane was to provide construction management services as plaintiff's on-site field representative, overseeing the architect, contractors, and other construction professionals involved in the Courthouse Project.  In this role, Gilbane had specific supervisory responsibilities, including:  providing at least one qualified and experienced full-time field representative on-site during each work day to "assur[e] day-to-day, on-schedule and under-budget performance of the construction work in accordance with the contract documents"; "[r]eview[ing] all work in progress on the project's site to assure the highest quality in accordance with design plans and other contract documents"; and regularly communicating and interacting with the general contractor, architect, engineer, plaintiff, and others involved in the project, to assure compliance with all design requirements.

On August 17, 1995, Gilbane issued a Substantial Completion Notice, and agreed to correct a final punchlist of items.  The notice transferred full possession to plaintiff and triggered the commencement of the warranty provisions.  On behalf of plaintiff, John Kenneth Mecouch, a Cumberland County Purchasing Office representative, along with the project construction

manager, certified the project had been inspected and it was accepted as "substantially completed." Plaintiff began to occupy the courthouse in August or September 1995, following receipt of a certificate of occupancy. Gilbane had no further involvement with the Courthouse Project or the building as renovated.

In November 1995, plaintiff observed "manifestations of leaks" and resultant water damage throughout the renovated courthouse area. Although the general contractor attempted subsequent repairs, Gilbane was not contacted regarding or involved in these problems.

Plaintiff filed this complaint on September 18, 2007. Count three alleged plaintiff's damages were directly and proximately caused by Gilbane's "negligence, lack of care, willful misconduct and gross negligence in connection with the supervision of the construction[,]" and "began to accrue shortly after completion of the Courthouse Project when pervasive, ongoing water leakage occurred throughout the four walls of the new construction and the renovation portions . . . [,] resulting in exterior and interior damage, including mold, cracking of cast stone window sills, cornices and coping units and failed masonry."

A-1377-12T3

In lieu of filing an answer, Gilbane moved to dismiss the complaint, arguing plaintiff's claims were "barred" by the statute of repose, N.J.S.A. 2A:14-1.1, because suit was not commenced within ten years of completion of Gilbane's services on the project. Plaintiff responded, arguing the statute of repose did not preclude its claims against Gilbane because subpart b(2) of section 1.1 states the statute does not time bar an action by a government unit "based on willful misconduct, gross negligence or fraudulent concealment in connection with . . . supervision . . . of an improvement to real property[.]" Gilbane's motion was denied and plaintiff's request to amend its complaint to add allegations of fraud and fraudulent concealment against Gilbane was granted.

Plaintiff filed its second amended complaint on September 29, 2008, adding allegations of fraud and fraudulent concealment. Gilbane answered and included among its affirmative defenses an assertion plaintiff's claims were barred by the statute of limitations and the statute of repose.

Following discovery, Gilbane moved for summary judgment. A different judge granted partial summary judgment and dismissed plaintiff's negligence claims, finding them time-barred. The balance of the motion, with respect to the claims alleging willful misconduct, gross negligence or fraudulent concealment,

was denied, as the judge found disputed facts concerning whether Gilbane committed "gross negligence" so as to trigger the b(2) exception to the statute of repose. N.J.S.A. 2A:14-1.1b(2). The judge was not asked to determine whether plaintiff's claims were barred by the statute of limitations or laches. Following the motion, the case was referred to mediation, pursuant to which plaintiff settled all claims against all defendants except Gilbane.

Plaintiff filed a third amended complaint and Gilbane again moved for summary judgment, this time asserting the remaining claims were barred by the applicable statute of limitations — either N.J.S.A. 2A:14-1 (providing a six-year period of limitations for tort or contract claims) or, alternatively, N.J.S.A. 2A:14-1.2 (providing a ten-year period of limitations for actions commenced by the State). Plaintiff opposed the motion, arguing the statute of limitations did not apply to actions by governmental units seeking damages resulting from willful misconduct, gross negligence, or fraudulent concealment in connection with construction of an improvement to real property, because these actions were governed by the statute of repose. In an oral decision, the judge rejected plaintiff's argument and granted summary judgment, dismissing plaintiff's complaint. Plaintiff appealed.

In a motion for summary judgment under Rule 4:46-2(c), a judge is required to analyze and sift through evidential materials, including "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," R. 4:46-2(c), to determine whether there exists "a genuine issue as to any material fact challenged," ibid., and "determine 'the range of permissible conclusions that might be drawn,'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 531 (1995) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 596, 106 S. Ct. 1348, 1361, 89 L. Ed. 2d 538, 558 (1986)). See also Tomeo v. Thomas Whitesell Constr. Co., 176 N.J. 366, 370 (2003) (stating summary judgment necessitates some weighing of the evidence); Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 167 (1985) (requiring a motion judge to make a "discriminating search" of the evidence). If no genuine issue of material fact exists, the judge then considers whether the moving party is entitled to judgment as a matter of law. Brill, supra, 142 N.J. at 540. Inevitably, the judge must consider not just the quantum of proof, but the quality of evidence as well. Costello v. Ocean Cnty. Observer, 136 N.J. 594, 614 (1994) (citing Schiavone Constr. Co. v. Time, Inc., 847 F.2d 1069, 1089 (3d Cir. 1988)).

Guided by the same standards, <u>Prudential Prop. & Cas. Ins. Co. v. Boylan</u>, 307 <u>N.J. Super.</u> 162, 167 (App. Div.), <u>certif. denied</u>, 154 <u>N.J.</u> 608 (1998), we review a grant or denial of summary judgment de novo. We determine whether the moving party demonstrated there were no genuine disputes as to any material facts, and then whether the motion judge's application of the law was correct. <u>Atl. Mut. Ins. Co. v. Hillside Bottling Co.</u>, 387 <u>N.J. Super.</u> 224, 230-31 (App. Div.) (citations omitted), <u>certif. denied</u>, 189 <u>N.J.</u> 104 (2006).

Here, distilled to its essence, we are asked to determine whether plaintiff's claims are time-barred. Plaintiff's argument demands interpretation of two statutes — <u>N.J.S.A.</u> 2A:14-1.2, which is a statute of limitations governing civil actions commenced by the State or its political subdivisions, and <u>N.J.S.A.</u> 2A:14-1.1, which is a statute of repose governing recovery of damages for any deficiency in the design, planning, surveying, supervision or construction of an improvement to real property. The question is a legal one, subject to plenary review. <u>Estate of Hainthaler v. Zurich Commercial Ins.</u>, 387 <u>N.J. Super.</u> 318, 325 (App. Div.) (citations omitted), <u>certif. denied</u>, 188 <u>N.J.</u> 577 (2006). <u>See also</u> <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 <u>N.J.</u> 366, 378 (1995) (holding

appellate courts accord no deference to a trial judge's conclusions on issue of law).

We first consider the applicable statutes. Gilbane's motion and the motion judge's ruling relied upon N.J.S.A. 2A:14-1.2a, which states:

> Except where a limitations provision expressly and specifically applies to actions commenced by the State or where a longer limitations period would otherwise apply, and subject to any statutory provisions or common law rules extending limitations periods, any civil action commenced by the State shall be commenced within ten years next after the cause of action shall have accrued.

As used in the statute, the term "State" also includes "its political subdivisions, any office, department, division, bureau, board, commission or agency of the State or one of its political subdivisions, and any public authority or public agency[.]" N.J.S.A. 2A:14-1.2c.[1]

Enacted in 1991, the statute is one of limitation, fixing the time within which an injured person must institute an action seeking redress, typically measured from the time the cause of action accrues. A statute of limitations is a procedural device

---

[1] Although amended, effective July 1, 2013, the statute merely deleted the former inclusion of the University of Medicine and Dentistry of New Jersey previously included within the definition of a political subdivision.

operating as a defense to limit the remedy available upon proof of an existing cause of action. See E.A. Williams, Inc. v. Russo Dev. Corp., 82 N.J. 160, 167 (1980); Rosenberg v. Town of N. Bergen, 61 N.J. 190, 199 (1972). The purpose behind statutes of limitations "embodies important public policy considerations." Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 51 (2000). Such statutes are designed "to protect defendants from unexpected enforcement of stale claims by plaintiffs who fail to use reasonable diligence in prosecuting their claims." LaFage v. Jani, 166 N.J. 412, 423 (2001) (citation omitted). See also Hein v. GM Constr. Co., 330 N.J. Super. 282, 286 (App. Div. 2000) (reciting the purposes of a statute of limitations as stimulating diligent prosecution of claims, protecting against the litigation of stale claims by penalizing dilatoriness, and serving as a measure of finality).

Expiration of a statute of limitations operates to bar the filing and prosecution of what is deemed a stale suit. See, e.g., Burd v. N.J. Tel. Co., 149 N.J. Super. 20, 28 (App. Div. 1977), aff'd, 76 N.J. 284 (1978). The Court has explained:

> When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar

his action.  Where, however, the plaintiff does not know or have reason to know that he has a cause of action against an identifiable defendant until after the normal period of limitations has expired, the considerations of individual justice and the considerations of repose are in conflict and other factors may fairly be brought into play.

[Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115 (1973) (citations omitted).]

Plaintiff argues the limitations bar of N.J.S.A. 2A:14-1.2a does not affect its action against Gilbane, because it falls within the statute's exception.  As plaintiff asserts, the ten-year limitations period applies "[e]xcept where a limitations provision expressly and specifically applies to actions commenced by the State or where a longer limitations period would otherwise apply."  N.J.S.A. 2A:14-1.2a.  Plaintiff maintains N.J.S.A. 2A:14-1.1, the statute of repose, expressly and specifically applies to this case.  Since another statute applies, plaintiff urges the exception renders the statute of limitations inapplicable to its action.

To provide context to plaintiff's argument, we recite the statute of repose, which states in pertinent part:

a.  No action . . . to recover damages for any deficiency in the . . . supervision or construction of an improvement to real property, or for any injury to property, real or personal, . . . arising out of the defective and unsafe condition of an

improvement to real property, . . . shall be brought against any person performing or furnishing the . . . supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall serve as a bar to all such actions[,] both governmental and private . . . .

b. This section shall not bar an action by a governmental unit:

. . . .

(2) based on willful misconduct, gross negligence or fraudulent concealment in connection with performing or furnishing the . . . supervision or construction of an improvement to real property[.]

[N.J.S.A. 2A:14-1.1.]

Plaintiff asserts its claims against Gilbane are solely governed by N.J.S.A. 2A:14-1.1b(2), not the statute of limitations. Further, because its suit alleges "willful misconduct, gross negligence or fraudulent concealment, in connection with performing or furnishing the . . . supervision or construction of an improvement to real property[,]" plaintiff reasons the ten-year period of repose does not operate to bar its action. Accordingly, plaintiff asserts no time limitation bars a governmental subdivision seeking to recover damages resulting from such conduct. We reject this syllogism as flawed.

Although some jurisprudence uses the terms statute of limitations and statute of repose interchangeably, they are different. "The basic feature of a statute of repose is the fixed beginning and end to the time period a party has to file a complaint." R.A.C. v. P.J.S., Jr., 192 N.J. 81, 96 (2007) (citing Lieberman v. Cambridge Partners, L.L.C., 432 F.3d 482, 490 (3d Cir. 2005)). "Unlike a conventional statute of limitations, the statute of repose does not bar a remedy but rather prevents the cause of action from ever arising." Port Imperial Condo. Ass'n v. K. Hovnanian Port Imperial Urban Renewal, Inc., 419 N.J. Super. 459, 469 (App. Div. 2011) (citing Rosenberg, supra, 61 N.J. at 199). See also Daidone v. Buterick Bulkheading, 191 N.J. 557, 565 (2007) (same).

The time within which an action may be brought under N.J.S.A. 2A:14-1.1 "'is entirely unrelated to the accrual of any cause of action[,]'" Daidone, supra, 191 N.J. at 564 (quoting Rosenberg, supra, 61 N.J. at 199), and the cause of action specifically "ceases to exist" after ten years, id. at 566. "The statute cuts off all claims after ten years . . . , irrespective of the date of injury." Ramirez v. Amsted Indus., Inc., 86 N.J. 332, 355 (1981) (citation omitted). "Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The

injured party literally has <u>no</u> cause of action." <u>Rosenberg</u>, <u>supra</u>, 61 <u>N.J.</u> at 199.

The Supreme Court has considered the legislative purpose in adopting the statute of repose. "The Court perceived the statute as a legitimate legislative reaction to judicial decisions expanding the period of liability under certain statutes of limitations." <u>Ebert v. S. Jersey Gas Co.</u>, 157 <u>N.J.</u> 135, 138 (1999) (citing <u>Rosenberg</u>, <u>supra</u>, 61 <u>N.J.</u> 190). Earlier court decisions had extended a contractor's liability exposure for defective materials, equipment, and workmanship. <u>Rosenberg</u>, <u>supra</u>, 61 <u>N.J.</u> at 194-98 (determining the statute of repose was likely adopted as "a legislative response seeking to delimit th[e] greatly increased exposure" facing construction professionals as a result of the judicial expansion of the period of liability under certain statutes of limitations).

This defined purpose, as first expressed in <u>Rosenberg</u>, has thereafter been reinforced by the Court. Most recently, the Court has noted,

> the Legislature enacted the statute [of repose] in response to the expanding application of the discovery rule to new types of tort litigation, the abandonment of the 'completed and accepted rule' . . . and the expansion of strict liability in tort for personal injuries caused by defects in new homes to builder/sellers of those homes[.]

A-1377-12T3

> [Town of Kearny v. Brandt, __ N.J. __, __
> (2013) (slip op. at 16) (internal quotation
> marks and citations omitted).]

Also, in Russo Farms, Inc. v. Vineland Bd. of Educ., the Court stated:

> Before the statute was enacted, the
> development of several trends in the common
> law created the possibility that architects
> and contractors could be sued for injuries
> long after a project was completed, and the
> statute meant to cut back on the potential
> of this group to be subject to liability for
> life.
>
> [144 N.J. 84, 116 (1996) (internal quotation
> marks and citations omitted).]

Consequently, it is now well-accepted that N.J.S.A. 2A:14-1.1 was specifically "intended to limit the time within which a cause of action may arise against an architect or builder to ten years from the date construction is substantially completed[,]" such that "injuries sustained or suits filed after the ten-year period are barred." Greczyn v. Colgate-Palmolive, 183 N.J. 5, 18 (2005). See also E.A. Williams, supra, 82 N.J. at 167.

Courts have consistently construed the statute broadly to "achieve the legislative goal of providing a reasonable measure of protection against expanding liability for design and construction professionals[.]" Newark Beth Israel Med. Ctr. v. Gruzen & Partners, 124 N.J. 357, 363 (1991). See also Brandt, supra, __ N.J. at __ (slip op. at 18) (same); Daidone, supra,

191 <u>N.J.</u> at 567 (same); <u>Russo Farms</u>, <u>supra</u>, 144 <u>N.J.</u> at 116 (same). "The primary consideration underlying a statute of repose is fairness to a defendant, the belief that there comes a time when the defendant ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations[.]" <u>R.A.C.</u>, <u>supra</u>, 192 <u>N.J.</u> at 96-97 (internal quotation marks and citations omitted).

"Because of the deference owed to a legislative enactment, courts generally do not expand the limitations period defined by a statute of repose unless the Legislature carved out exceptions that permit for tolling." <u>Id.</u> at 97 (citing <u>Lieberman</u>, <u>supra</u>, 432 <u>F.</u>3d at 490). The statute of repose, in fact, includes exemptions. By its express terms, the statute "shall not bar an action by a governmental unit" if the action is "based upon willful misconduct, gross negligence or fraudulent concealment in connection with performing or furnishing the . . . supervision or construction of an improvement to real property[.]" <u>N.J.S.A.</u> 2A:14-1.1b(2). Although we discovered no opinions discussing application of this provision, we are confident the general rules of statutory construction, designed to determine the Legislature's intent, easily guide our review.

Looking at the plain language of <u>N.J.S.A.</u> 2A:14-1.1b(2), we give the words used their ordinary meaning, <u>Merin v. Maglaki</u>,

126 N.J. 430, 434-35 (1992) (citations omitted). We find the language clear on its face and, therefore, easily enforced according to its terms. Hubbard v. Reed, 168 N.J. 387, 392 (2001) (citations omitted). The exemption at issue provides a public entity's cause of action will not be barred by N.J.S.A. 2A:14-1.1a if the defendant engaged in willful misconduct, gross negligence or fraudulent concealment. N.J.S.A. 2A:14-1.1b(2). The exemption meshes with the general purpose of the statute of repose to allow a construction professional "'to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim when evidence has been lost, memories have faded, and witnesses have disappeared,'" Cyktor v. Aspen Manor Condo. Ass'n, 359 N.J. Super. 459, 470 (App. Div. 2003) (quoting Rosenberg, supra, 61 N.J. at 201), unless a defendant engaged in untoward conduct.

We agree the allegations in plaintiff's amended complaint are drawn to fit within subsection b(2) of the statute of repose, with an eye at exempting its claims from the ten-year bar of subsection a. N.J.S.A. 2A:14-1.1.

That said, plaintiff cannot proceed with its complaint by ignoring its obligation to timely file claims pursuant to the applicable statute of limitations. The statue of repose,

17

N.J.S.A. 2A:14-1.1, may sometimes preclude an action that otherwise would be timely under the statute of limitations, N.J.S.A. 2A:14-1.2. For example, the ten-year statute of repose would preclude suit even if the statute of limitations had not run on a claim in which the discovery rule was applied. However, the statute of repose, N.J.S.A. 2A:14-1.1, will not save a claim otherwise barred by the applicable statute of limitations, N.J.S.A. 2A:14-1.2. See O'Connor v. Altus, 67 N.J. 106, 122-23 (1975).

The uniform ten-year limitations period for actions commenced by the State, set forth in N.J.S.A. 2A:14-1.2, was passed by the Legislature in response to a trio of 1991 Supreme Court decisions abolishing the long-standing common law doctrine of "nullum tempus occurrit regi" — "no time runs against the king" — under which the State and its agencies were exempt from statutes of limitations generally applicable to civil actions. N.J. Transit Corp. v. Borough of Somerville, 139 N.J. 582, 586 (1995). See also Statement to Senate Bill No. 3741 (1991) (explaining the bill proposed a uniform ten-year limitations period for "actions commenced by governmental entities formerly protected by the nullum tempus doctrine" "[i]n order to strike a better balance between the competing interests furthered by the nullum tempus doctrine and statutory limitations periods, and in

order to avoid potential disputes over applicable limitations periods").

Contrary to plaintiff's contention, the provision of N.J.S.A. 2A:14-1.2a, identifying the applicability of "another limitations period," does not impliedly refer to the statute of repose. Limitations statutes are separate and distinct from the statute of repose.[2] In fact, the statute of repose "impliedly incorporates" the applicable statute of limitations for particular actions. O'Connor, supra, 67 N.J. at 122. Consequently, a plaintiff's claim is subject to the ten-year statute of absolute repose, as well as the separate and distinct statute of limitations. See, e.g., Russo Farms, supra, 144 N.J. 115-19 (noting the defendants could defeat the plaintiff's claim on either basis under the facts of the case); E.A. Williams, supra, 82 N.J. at 164, 172 (same).

In O'Connor, supra, the Court explained the interaction of the statute of limitations for tort actions, applicable in that case, N.J.S.A. 2A:14-2, and the statute of repose, N.J.S.A. 2A:14-1.1, noting both statutes were

---

[2]    We note, at the time N.J.S.A. 2A:14-1.2 was enacted, the statute of repose did not expressly apply to governmental actions, making it clear the Legislature did not intend the statute of repose to operate in place of the statute of limitations under N.J.S.A. 2A:14-1.2.

> at work in that situation. The latter [statute of repose] does not expand the two-year period of the personal injury statute. It simply provides that in any event the suit must be started within ten years of the construction, regardless of when the cause of action accrues. The two-year period of N.J.S.A. 2A:14-2 controls to the extent that it "fits" within the ten years.
>
> [67 N.J. at 122.]

Accordingly, if an action is barred by the statute of limitations, it cannot be saved by the statute of repose. Once a plaintiff is aware of the facts giving rise to the cause of action, the statute of repose does not relieve the plaintiff of the obligation to file the cause within the period defined by the applicable statute of limitations. The timeliness of the plaintiff's claim remains dependent on the applicable statute of limitations.

Here, plaintiff had ten years from the date it discovered the water leakage problem to file its suit against Gilbane. It failed to do so, delaying initiation of suit for more than twelve years after Gilbane received the certificate of occupancy and turned over the property to plaintiff. The motion judge applied the law correctly and properly dismissed plaintiff's complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION