**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2040-21

DAVID KISSI,

     Plaintiff-Appellant,

v.

NANA CHRISTIAN ANSAH,
TAWIAH SARKODIE
BOAHEMAA, KWABENA
CHRISTIAN ANSAH, and
ARABA CHRISTIAN,

     Defendants-Respondents.

_____

Submitted April 10, 2024 – Decided April 29, 2024

Before Judges Susswein and Vanek.

On appeal of the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-7540-20.

David Kissi, appellant pro se.

Respondents have not filed a brief. [1]

---

[1] Defendants' brief was suppressed on January 9, 2023. The order was subsequently vacated and a briefing schedule issued. Defendants never filed a brief.

PER CURIAM

Plaintiff David Kissi appeals a February 18, 2022 Law Division order dismissing his complaint with prejudice for failure to commence litigation within the applicable statute of limitations. Plaintiff contends the trial court erred in determining his claim to recoup payments made for the benefit of his family members accrued in 2010, when they failed to promptly repay him as promised. Based upon our careful review of the record and prevailing New Jersey law, we affirm.

I.

On October 21, 2020, plaintiff filed a complaint seeking reimbursement of $72,000 paid in "cash, legal fees, food, and clothing" from 1990 to 2010 to facilitate defendants' immigration from Ghana to the United States.[2] Plaintiff alleges he financially assisted defendants—his half-sister Boahemaa Sarkodie[3] and her children, Christian Kwabena Ansah, Nana Christian Ansah, and Helena

---

[2] The record references several amended complaints, including one filed June 21, 2021, that increased the requested relief from $72,000 to $95,000. The amended complaints are not contained in the record.

[3] The record is inconsistent as to the designation of defendants' first and last names. We use the nomenclature set forth in the February 18, 2022 Law Division order.

A-2040-21

Ansah—based on a collective promise that if he assisted with their immigration to the United States by May 2010, they would promptly reimburse him. Plaintiff asserts that defendants successfully immigrated in May 2010, but did not pay him back as promised.

Defendants filed a motion to dismiss plaintiff's complaint with prejudice for failure to commence litigation within six years of the accrual date as required under the applicable statute of limitations, N.J.S.A. 2A:14-1, and for lack of subject matter jurisdiction. Among other arguments, plaintiff asserted defendants were committing fraud by failing to promptly reimburse him despite their promise and by including false statements in documents filed in the present litigation.

Plaintiff told the trial court he gave his family members money beginning in 1979 with the last payment tendered in 2010. Plaintiff also argued that the statute of limitations had not yet expired because the fraud inflicted upon him through defendants' non-payment and untruthfulness was ongoing.

The trial court granted defendants' motion and found plaintiff's lawsuit was barred by the applicable six-year statute of limitations in N.J.S.A. 2A:14-1. The trial court ruled in an oral decision that plaintiff alleged the agreement between the parties for plaintiff to assist with financing defendants' application

3

for authorization to immigrate to the United States was made in the 1980s and 1990s, defendants were admitted to the United States in 2010 and plaintiff failed to file the lawsuit until 2020. The trial court rejected plaintiff's argument that the statute of limitations should not bar the action because there was ongoing fraud based on the continuous non-payment. Instead, the trial court found all of plaintiff's claims were barred by the statute of limitations since they accrued in 2010 after plaintiff's final payment and defendants' failure to promptly repay as promised. This appeal followed.

## II.

Plaintiff characterizes this litigation as a "purely debt collection case." Plaintiff argues on appeal that his claims are not untimely because he demanded repayment in 2015 and, since the complaint was filed in 2020, he complied with the applicable six-year statute of limitations.

We review de novo a decision to dismiss a complaint as barred by the applicable statute of limitations. Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) (finding that "when analyzing pure questions of law raised in a dismissal motion, such as the application of a statute of limitations, we undertake a de novo review"). "Accordingly, we owe 'no deference to [the] trial judge's legal interpretations' in dismissing plaintiffs' complaint as timebarred."

A-2040-21

Save Camden Pub. Schs v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487-88 (App. Div. 2018) (alteration in original) (quoting Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 600 (App. Div. 2014)).

Our courts have long recognized statutes of limitations are an important component of equity among parties. See Fox v. Millman, 210 N.J. 401, 415 (2012). "An underlying purpose of statutes of limitations is to reduce uncertainty concerning the timeliness of a cause of action." McGrogan v. Till, 167 N.J. 414, 426 (2001). Proscribed limitations set an even playing field for both plaintiffs and defendants. See Cumberland Cnty. Bd. of Chosen Freeholders v. Vitetta Grp., P.C., 431 N.J. Super. 596, 604 (App. Div. 2013).

"Stated differently, the purpose of statutes of limitations is to protect defendants from unexpected enforcement of stale claims by plaintiffs who fail to use reasonable diligence in prosecuting their claims." LaFage v. Jani, 166 N.J. 412, 423 (2001). Whether a statute of limitations bars the complaint is an issue to be decided by the court, rather than a jury. Est. of Hainthaler v. Zurich Com. Ins., 387 N.J. Super. 318, 325 (App. Div. 2006).

N.J.S.A. 2A:14-1(a) sets forth, in relevant part, "[e]very action at law . . . for recovery upon a contractual claim or liability . . . shall be commenced within six years next after the cause of any such action shall have accrued." The six-

A-2040-21

year limitation set forth in N.J.S.A 2A:14-1 is applicable to quasi-contract claims, including unjust enrichment and quantum meruit claims. Kopin v. Orange Prods., Inc., 297 N.J. Super. 353, 373-74 (App. Div. 1997); see Miller v. Bd. of Chosen Freeholders, 10 N.J. 398, 409 (1952) (the six-year statute of limitations applies for actions to recover for the "reasonable value of the services rendered"). A fraud claim is also governed by the six-year statute of limitations established in N.J.S.A. 2A:14-1(a). Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016).

## III.

We find no error in the trial court's dismissal of plaintiff's complaint with prejudice based upon the failure to file suit within six years of 2010, when defendants failed to promptly repay plaintiff after his last payment to them. Plaintiff's claims for breach of contract, unjust enrichment and quantum meruit are all subject to a six-year statute of limitations. Plaintiff's October 21, 2020 initial complaint was not filed within six years of accrual, based upon the allegations in plaintiff's complaint and his factual admissions on the record.

Plaintiff does not dispute that the applicable statute of limitations is six years. However, he asserts the limitation period has not run because defendants lied to him and are engaged in a continuous fraud. Plaintiff did not plead a cause

6

of action for fraud in his complaint. Instead, plaintiff alleged at oral argument that defendants breached their commitment to repay him and by making false statements in the context of this litigation. Even if plaintiff had plead fraud with specificity as required under Rule 4:5-8(a),[4] we are unconvinced that a demand for payment made five years after defendants' failure to promptly repay entitles plaintiff to relief under the "discovery rule."[5] Indeed, it would have been immediately apparent to plaintiff that defendants had not promptly repaid their debt. Accordingly, we reject plaintiff's argument that the six-year statute of limitations either does not apply or should be extended to deem any fraud claim timely under the discovery rule.

We reject the remainder of plaintiff's arguments. Plaintiff posits defendants deprived themselves of any possible statute of limitations defense because they lied and committed fraud. However, plaintiff fails to cite any binding precedent substantiating the relief sought. Plaintiff also alleges without

---

[4] Rule 4:5-8(a) sets forth that "[i]n all allegations of misrepresentation, fraud, mistake, breach of trust, willful default or undue influence, particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable."

[5] As explained by the Court in Lopez v. Swyer, 62 N.J. 267, 272 (1973), the discovery rule sets forth "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim."

A-2040-21

any specificity that the trial court was biased and he did not get a fair hearing. We lack a sufficient factual or legal basis to consider these arguments. See Scott v. Salerno, 297 N.J. Super. 437, 447 (App. Div. 1997) (setting forth that our "review is confined to the record made in the trial court," so we are unable to consider assertions in merits briefs that lack a proffered factual foundation).

To the extent we have not addressed any other arguments raised by plaintiff, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION